

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2008

# USA v. Young

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5032

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Young" (2008). *2008 Decisions*. Paper 1234.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1234

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-5032

UNITED STATES OF AMERICA

v.

SHERROD YOUNG, a/k/a
"G",

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No.: 01-cr-00401-3
District Judge: The Honorable Edwin M. Kosik

_____

Opinion filed February 6, 2007
Certiorari Granted by the Supreme Court of the United States January 7, 2008
Remanded by the Supreme Court of the United States February 8, 2008

_____

Before: SMITH and ROTH, *Circuit Judges*,
and YOHN, *District Judge*[*]

_____

JUDGMENT ORDER

_____

Sherrod Young was convicted by a jury of committing several controlled substance

_____

[*]The Honorable William H. Yohn Jr., Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

offenses in February of 2003. We affirmed his conviction, but vacated his sentence of 324 months of imprisonment and remanded for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). The District Court resentenced Young to 210 months. Young appealed again, asserting that (1) his sentence was too severe, or "greater than necessary," as it was the result of an unreasonable disparity between the penalties for crack cocaine and powder cocaine under the sentencing guidelines; and (2) the District Court erred in quantifying the amount of crack cocaine because the evidence was not reliable. In an opinion filed on February 2, 2007, we concluded that the District Court "correctly applied our post-*Booker* sentencing process" and that the District Court did not err in quantifying the amount of crack cocaine. Young petitioned the United States Supreme Court for certiorari.

On January 7, 2008, the United States Supreme Court granted Young's petition for certiorari, vacated the judgment of this Court, and remanded the case for further consideration in light of *Kimbrough v. United States*, 552 U.S. ___, 128 S.Ct. 558 (2007). Upon further consideration of the issues raised by Sherrod Young in this matter, we conclude that the District Court's finding as to the quantity of crack cocaine was not clearly erroneous. We are mindful that the United States District Court sentenced Young without the benefit of the Supreme Court's guidance in *Kimbrough*, Accordingly, it is hereby ORDERED that the judgment of sentence imposed by the United States District Court on November 2, 2005, be and the same hereby is VACATED. This matter is

2

REMANDED for resentencing in light of *Kimbrough*.  All the above in accordance with this judgment order.

BY THE COURT:

/s/ D. Brooks Smith
Circuit Judge

Attest:


/s/ Marcia M. Waldron
Clerk


Dated:        May 13, 2008